UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DENIS R. VÁZQUEZ-ARCILIARES,

   Petitioner,

   v.

UNITED STATES OF AMERICA,

   Respondent.

Civil No. 14-1022 (JAF)

(Crim. No. 12-691-14)

**OPINION AND ORDER**

Petitioner, Denis R. Vázquez-Arciliares, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Criminal No. 12-691. (Docket No. 1.)

**I.**

**Background**

On December 27, 2011, pursuant to a plea agreement, Petitioner pled guilty for his role as an enforcer, runner, and facilitator in a drug-trafficking organization operating out of the Dr. Manuel De La Pila Iglesias Public Housing Project in Ponce, Puerto Rico. (Crim. Docket No. 1011 at 20-25.) On July 2, 2013, we sentenced Petitioner to an imprisonment term of 180 months, to be served consecutively with a Commonwealth sentence imposed for weapons charges. (Crim. Docket No. 1398.) We ordered that the federal sentence be served first. (Id.) No notice of appeal was filed and Petitioner's conviction became final on July 11, 2013. On January 13, 2014, Petitioner timely filed this petition. (Docket No. 1.) The government opposed. (Docket No. 4.)

## II.

## Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts claims of ineffective assistance of counsel related to his plea agreement. To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness, and

(2) that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id.

Petitioner claims that counsel was ineffective for failing to call our attention to any potential error in the Pre-Sentence Report. Petitioner offers nothing more than an oblique reference to errors in the Pre-Sentence Report. It is well-established that issues perfunctorily referred to are waived. United States v. Brown, 669 F.3d 10, 16 n.5 (1st Cir. 2012). Therefore, his claim is dismissed.

The Petition also asserts that his counsel was ineffective for failing to show or give him a copy of the Pre-Sentence Report. However, Petitioner does not specifically identify any information contained in the Pre-Sentence Report of which he was unaware prior to sentencing. See United States v. Caparotta, 676 F.3d 213, 218 (1st Cir. 2012). In support of his contention, he attaches a letter of his counsel and claims that it is an admission from counsel that he failed to show or give a copy of the PSR to the defendant. This assertion is incorrect. The attached letter is counsel's response to an initial inquiry made by the Petitioner on November 22, 2013—four months after the sentencing—where Petitioner requested a copy of his PSR and claimed that he had not received it. (Docket No. 1-1.) In the letter, Petitioner's counsel makes clear that he advised the Petitioner at an earlier meeting that he could not give him a copy of the Pre-Sentence Report since it is a confidential document and its disclosure is prohibited by the Bureau of Prisons and the Federal Rules of Criminal Procedure. (Id.). For this reason, Petitioner's counsel was not ineffective.

Petitioner was convicted, pursuant to a plea agreement, for using and carrying a firearm during a drug-trafficking crime. (Cr. Docket No. 3.) Now, Petitioner claims that he should be given an opportunity to be sentenced according to the applicable guidelines and that we should consider the "appropriateness of downward or upward departures under the guidelines." (Docket No. 1-1, at 5-6.) However, his charge of conviction is statutorily precluded from guidelines' calculations and mandates a minimum of five years in prison. See U.S.S.G. § 2K2.4 (if the defendant was convicted of violating 18 U.S.C. § 924(c), Chapter Three's adjustments shall not apply to that count of conviction and the guideline sentence is the minimum term of imprisonment required by statute). Therefore, his allegation lacks merit.

Similarly, Petitioner claims that we committed an error by not granting a Chapter Three adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Yet, here again, his charge of conviction is precluded from guidelines calculations. See United States v. Davis, 380 F.3d 183, n.5 (4th Cir. 2004) (noting that the acceptance of responsibility credit operates by reducing the offense level calculation by one to three points, but, in sentencing for a § 924(c) conviction, there is no offense level calculation. "In fact, there is no offense level."); United States v. Schaffer, 110 F.3d 530, 533-34 (8th Cir. 1997) (defendant who pleaded guilty to using or carrying firearm during or in relation to drug trafficking crime was not entitled to sentence adjustment for acceptance of responsibility, given that offense carried mandatory statutory sentence and, therefore, Sentencing Guideline adjustments did not apply). Also, since Petitioner alleges neither a constitutional nor a jurisdictional error in our application of the Sentencing Guidelines, his claims will not be considered for the first time on a § 2255 motion. See Knight v. United States, 37 F.3d 769, 772-74 (1st Cir.1994); see also Graziano v. United States, 83

F.3d 587, 590 (2d Cir. 1996) (holding that absent a complete miscarriage of justice, claims regarding application of sentencing guidelines will not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal); United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (holding that non-constitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255).

"We can well understand that petitioner does not enjoy [her] incarceration. However, a § 2255 proceeding is a collateral remedy available to a petitioner only when some basic fundamental right is denied, and not as routine review at the behest of a defendant who is dissatisfied with his sentence." Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). Petitioner has made no argument that would indicate that his rights have been denied.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong. Petitioner may

request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of March, 2014.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        U. S. DISTRICT JUDGE